946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Alfred Rodolfo TAFOYA, Defendant/Appellant.
 No. 90-2108.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on defendant's appeal from the trial court's denial of his motion to suppress statements and physical evidence. Defendant contends that the trial court erred in its finding that there was probable cause to arrest defendant, thus justifying the admission at trial of physical evidence found in connection with that arrest. As further contention of error, defendant maintains that the trial court was unjustified in finding that defendant's statements were voluntary. We do not find the trial court's findings clearly erroneous in light of the evidence.
 
 
 3
 In our review of the trial court's denial of defendant's motion to suppress, we accept the trial court's findings of fact unless they are clearly erroneous, and we consider the evidence in the light most favorable to the Government. United States v. Evans, 937 F.2d 1534, 1536 (10th Cir.1991); United States v. Morgan, 936 F.2d 1561, 1565 (10th Cir.1991). "Ultimate determinations of reasonableness concerning Fourth Amendment issues and other questions of law, however, are reviewed de novo." Id. at 1565-66.
 
 
 4
 Defendant first contends that the evidence found in his vehicle should be suppressed because the officers did not have probable cause to arrest him. In evaluating this claim, the trial court found that a federal witness, Trent Harris, placed a call to DEA Agent Fred Moore and informed Agent Moore that he had been threatened by defendant because Mr. Harris was to appear as a witness against a third party, Blas Chavez, in a drug prosecution. Agent Moore then contacted Agent David Hess and others for assistance. Agent Hess arrived at Mr. Harris' apartment and observed defendant sitting in a vehicle known to be either owned or used by Blas Chavez. At that point, several DEA agents surrounded defendant's vehicle, defendant got out of the vehicle, and the officers conducted a pat-down search of defendant's person, which search produced a shotgun shell from defendant's pocket. During the pat-down, Agent Hess observed a box of shotgun shells in plain view on the dashboard of defendant's vehicle. Agent Hess then opened the door and lifted a towel lying between the two front seats, revealing a sawed-off shotgun. The officers then advised defendant of his constitutional rights, handcuffed him, and transported him to the DEA office. The trial court heard the evidence and found that these facts provided the agents with probable cause to arrest defendant and, incident to that lawful arrest, to search his vehicle.[2]
 
 
 5
 "[W]here facts and circumstances within the officer's own knowledge, which the officer has received through reasonably trustworthy information, sufficiently warrant a man of reasonable caution to believe an offense has been or is being committed by the person to be arrested," probable cause will be found to exist. Morgan, 936 F.2d at 1568 (citing Dunaway v. New York, 442 U.S. 200, 208 n. 9 (1979); United States v. Maher, 919 F.2d 1482, 1485 (10th Cir.1990)). Further, "probable cause must be evaluated in light of circumstances as they would have appeared to a prudent, cautious, trained police officer." Morgan, 936 F.2d at 1568. The determination of whether probable cause exists is primarily a factual question and, therefore, " '[u]nless, in construing all evidence in a light most favorable to the government, the trial court's finding of probable cause is clearly erroneous, it must not be disturbed.' " Id. at 1569 (quoting United States v. Alonso, 790 F.2d 1489, 1496 (10th Cir.1986)). Having reviewed the record and the trial court's findings pursuant to these standards, we do not find the trial court's finding of probable cause to arrest defendant clearly erroneous. The evidence presented to the trial court was sufficient to warrant its finding that the threats made to Mr. Harris, together with defendant's presence in the proximity of Mr. Harris' home in a vehicle associated with Blas Chavez, defendant's possession of a shotgun shell, and the presence of more shotgun shells in the vehicle, all provided probable cause such that an officer of reasonable caution and training would believe an offense had been or was being committed by defendant.
 
 
 6
 Defendant's second claim of error lies in the trial court's refusal to suppress statements made by him to police and its finding that defendant's statements were given freely, voluntarily, and without coercion. The trial court found that defendant was advised of his constitutional rights and that he freely and voluntarily signed a written waiver of those rights. Record, vol. 2 at 157. Further, the trial court heard the testimony of the parties and found that defendant's claims that he was physically abused and coerced into making statements by the officers' refusal of medical aid were not credible.
 
 
 7
 "The voluntariness of defendant's statements depends upon an assessment of the totality of all the surrounding circumstances including both the characteristics of the defendant and the details of the interrogation." United States v. Lux, 905 F.2d 1379, 1382 (10th Cir.1990) (citing United States v. Falcon, 766 F.2d 1469, 1476 (10th Cir.1985)). We review the trial court's findings of facts which form the basis for a determination of voluntariness using the clearly erroneous standard. Lux, 905 F.2d at 1382. We have reviewed the record before us and we conclude that the trial court's finding that the defendant's statement was given voluntarily and absent coercion is not clearly erroneous. There is ample evidence to support the trial court's findings that the defendant was advised of his constitutional rights, that he may have suffered some injury to his wrist but that he appeared rational and composed when he voluntarily signed a waiver of his rights, and that he even initialled corrections which were made in his written statement. Record, vol. 2 at 157.
 
 
 8
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Defendant argues that the search which produced the shotgun occurred prior to his actual arrest, and that the shotgun was found to have justified the arrest. The trial court found that probable cause to arrest defendant existed prior to discovery of the shotgun. Record, vol. 2 at 155. In light of the evidence, such a finding is not clearly erroneous